IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE H. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 4957 |
| | ) | |
| IBM RETIREMENT PLAN and IBM | ) | Wayne R. Andersen |
| GLOBAL SERVICES, LUCENT | ) | District Judge |
| TECHNOLOGIES and | ) | |
| JAMES W. HOLMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendants, IBM Retirement Plan and IBM Global Services ("IBM") and Lucent Technologies ("Lucent"), to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motions to dismiss are granted.

## BACKGROUND

Young was employed by Lucent Technologies ("Lucent") from 1970 until 1996. In 1996, Lucent entered into an outsourcing agreement with IBM and discharged Young in July 1996. Pursuant to the outsourcing plan, IBM agreed to hire employees discharged by Lucent, and in fact hired Young after Lucent discharged him. According to the amended complaint, neither Lucent nor IBM provided Young with information regarding his pension benefits and how they would be affected by the outsourcing agreement.

Young worked for IBM from 1996 until he was discharged in 2001. At that time he

1

began to receive pension benefits. However, he alleges the pension benefits he has been receiving are less than what he would have received had he remained a Lucent employee because only his years at IBM were counted towards his pension, and he was not credited for his 25 years of service at Lucent. Further, the amended complaint alleges that the outsourcing agreement was set up as a way for IBM to avoid making pension payments, which is why a large number of employees who were approaching retirement age were included in the outsourcing agreement. Young filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 20, 2001 and was issued a right-to-sue letter on September 13, 2002.

On December 6, 2002, Young sued Lucent and IBM for claims arising out of the outsourcing agreement, including charges of (1) age discrimination, (2) Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), violations (3) fraudulent scheme, (4) conspiracy, (5) retaliation, and (6) wrongful termination. The case was assigned to Judge Conlon, who dismissed the age discrimination, ERISA violations, fraudulent scheme and conspiracy counts against Lucent with prejudice. *Young v. Lucent Technologies, et al.*, No. 02 C 8824 (N.D. Ill. Apr. 23, 2003). Judge Conlon also later dismissed the ERISA violations, fraudulent scheme and conspiracy claims against IBM with prejudice. *Young v. Lucent Technologies, et al.*, No. 02 C 8824 (N.D. Ill. July 14, 2003). Subsequently, Young moved to have the remaining counts of age discrimination, wrongful termination and retaliation voluntarily dismissed. Plaintiff's motion was granted on July 29, 2003. *Young v. Lucent Technologies, et al.*, No. 02 C 8824 (N.D. Ill. July 29, 2003).

In the case before this Court, Young has again filed a *pro se* complaint against IBM

Retirement Plan and IBM Global Services, Lucent Technologies, and his former attorney, James Holman, including eight counts, several of which stem from the same outsourcing agreement that was the subject of his lawsuit before Judge Conlon. The instant action alleges (1) conspiracy to interfere with a civil rights violation, (2) ERISA violations, (3) age discrimination against Lucent, (4) fraudulent scheme, (5) conspiracy, (6) age discrimination against IBM, (7) retaliation, and (8) wrongful termination.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A court will grant a motion to dismiss only if it is impossible for the plaintiffs to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "A complaint drafted by a *pro se* litigant 'however inartfully pleaded,' is held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (citation omitted).

## DISCUSSION

### I. Claims barred by the doctrine of *res judicata*

In Counts II, IV and V, Young alleges ERISA violations against IBM and fraudulent scheme and conspiracy claims against IBM and Lucent. In these claims, Young maintains he is not receiving his full pension because of a conspiracy entered into by Lucent and IBM to defraud certain employees of their rightful benefits. These claims are essentially the same claims that were brought before Judge Conlon and which were dismissed with prejudice. Once a final

3

judgment, such as a dismissal with prejudice, is entered on the merits of a claim, a plaintiff may not re-litigate that claim in a subsequent action under the doctrine of *res judicata*. *See D & K Props. v. Mutual Life Ins. Co.*, 112 F.3d 257, 259 (7th Cir. 1997); *see also Golden v. Barenborg*, 53 F.3d 866, 871 (7th Cir. 1995) (dismissal with prejudice is final decision on merits for *res judicata* purposes). In this case, Counts II, IV and V involve the same transaction and parties as those involved in the case before Judge Conlon. To the extent the claims differ slightly from those presented in his 2002 case, the doctrine of *res judicata* nonetheless bars this suit because it applies to claims that were brought or should have been brought in the first action. *See D & K Props* 112 F.3d at 259 ("The doctrine of res judicata bars re-litigation of claims that were or could have been asserted in an earlier proceeding"). Thus, because counts II, IV and V of plaintiff's complaint have already been adjudicated by Judge Conlon, we grant defendants' motions to dismiss these claims from this action.

## II. Claims that are time-barred

Counts III, VI and VII of Young's amended complaint assert claims for age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). In these counts, Young alleges he was targeted as an employee to be outsourced to IBM because of his age, and that when he began to protest the discriminatory nature of this practice, IBM retaliated by discharging him. These claims were dismissed by Judge Conlon without prejudice and, accordingly, are not barred under the doctrine of *res judicata*. *See Young v. Lucent Technologies, et al.*, No. 02 C 8824 (N.D. Ill. July 29, 2003). However, under 29 U.S.C. § 626(e), claims brought under the ADEA must be filed within 90 days of plaintiff's receipt of a right-to-sue letter. Young's notice of his right-to-sue was filed on

September 9, 2003, and he brought this lawsuit on December 15, 2004, a period of more than 90 days. Therefore, these claims are barred by the statute of limitations.

Although Young's claims may have been timely when he filed his first action in December 2001, they are now time-barred. The 90-day limitations period is not tolled for the time Young's first action was pending (from December 2001 through July 2003). Young's voluntary dismissal of those claims "is treated for statute of limitations purposes as if the suit had never been filed." *See Muzikowski v. Paramount Pics. Corp.*, 322 F.3d 918, 923 (7th Cir. 2003). "[T]he tolling effect of the [original] suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (Title VII claim barred when second suit was filed outside original 90-day period). Accordingly, we dismiss Counts III, VI and VII.

### III. State law claims

Count I of the amended complaint alleges conspiracy to interfere with a civil rights violation under 42 U.S.C. § 1985 against Lucent, IBM and Young's former attorney, James Holman. In summary, Young claims that defendants IBM and Lucent have committed fraud by "professing that the Outsourcing Agreement was a 'WIN-WIN' for employees," when he believes it was not, and that his attorney, James Holman, engaged in this fraud by failing to competently manage the prior lawsuit. We believe this claim fails to state a valid § 1985 cause of action for conspiracy to interfere with civil rights. Young cannot state a valid claim under Section 1985(1) because under the language of the statute, two or more person must conspire to prevent an officer of the United States from performing his duties. Here, Young has failed to

5

allege any facts to support such a claim. Young also fails to state a claim for conspiracy under § 1985(2) because he does not allege the "force, intimidation or threat" required to state a claim for obstructing justice under that section, nor does he allege the existence of an agreement, discriminatory intent, or wrongful conduct by defendants required under § 1985(3) for depriving persons of civil rights and privileges. Instead, Count I makes conclusions about the existence of a conspiracy between IBM, Lucent and his lawyer that do not meet the requirements set forth in the statute. Count I is, in substance, a legal malpractice claim against attorney Holman and not a § 1985 claim. Accordingly, we dismiss Count I.

Additionally, Count VIII, Mr. Young's wrongful termination charge, is a claim based in state law. In this count, Young alleges he was improperly discharged from his employment at IBM and that he and his family were subjected to economic and emotional harm as a result of the wrongful termination. Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all other claims over which federal courts have original jurisdiction. Here, we have dismissed Young's claims over which we have original jurisdiction and we decline to exercise supplemental jurisdiction over this or any other remaining state law claim.

## CONCLUSION

For the above reasons, defendants' motions to dismiss (## 13, 18) are granted. This court declines to exercise supplemental jurisdiction over Young's state law claims, and thus plaintiff's complaint is dismissed in its entirety. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: June 30, 2005

7